3044721-MLC:dm                                                                    Attorney No. 26135-45

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RHONDA DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. _____ |
| ) | |
| JMB EXPRESS TRUCKING LLC and ) | |
| KYLE MATLOCK, ) | |
| ) | |
| Defendants, ) | |

## NOTICE OF REMOVAL

The Defendants, JMB EXPRESS TRUCKING LLC and KYLE MATLOCK (hereinafter "JMB Express" and "Matlock," respectively, and "Defendants" or "Movants," collectively), by and through their attorneys, Michelle L. Casper and Allison Smith of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Indiana, Fort Wayne Division, and in support thereof, state as follows:

1. The Movants' Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Upon information and belief, the named Plaintiff is currently and was at the time of the subject accident a citizen and resident of the State of Indiana. (*See* Complaint filed in the LaGrange Superior Court, Indiana (Cause No. 44D01-2002-CT-000007) ("State Court Action"), attached as Exhibit A, and Affidavit of Michelle L. Casper, attached as Exhibit B, at ¶¶ 4-5).

3. Both at the time of the commencement of the State Court Action and at the present time, the Defendant, JMB Express Trucking LLC, was a citizen of Wisconsin. (*See* Exhibit C,

Wisconsin Department of Financial Institutions Record). A corporation is a citizen of both (1) the state where it is incorporated, and (2) the state where it has its principal place of business. As noted by the United States Supreme Court, a principal place of business is:

> … the place where "a corporation's officers direct, control, and coordinate the corporation's activities. It is the … corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

4.  Defendant JMB Express is incorporated in Wisconsin with its principal place of business in Wisconsin. (Exhibit C).

5.  Therefore, at all pertinent times, Defendant JMB Express was a citizen of Wisconsin.

6.  Both at the time of the commencement of the State Court Action and at the present time, the Defendant Kyle Matlock was a citizen of Idaho. (*See* Exhibit D, Crash Report; Exhibit E, Westlaw People Map Report).

7.  This matter arises out of an accident that occurred on August 10, 2018 at the intersection of US Highway 20 and 100 East in Lagrange County, Indiana. The Plaintiff, Rhonda Dean, filed a Complaint in the LaGrange Superior Court, sitting in LaGrange, Indiana, styled Rhonda Dean v. JMB Express Trucking LLC and Kyle Matlock, Cause No. 44D01-2002-CT-00007. (*See* Exhibit A; additionally, copies of all process and pleadings filed and/or received by Defendants for the State Court Action are attached as Exhibit F).

8.  Plaintiff alleges that Defendant Matlock, while working for Defendant JMB Express, carelessly and negligently operated a 2018 Volvo semi tractor-trailer and caused a collision with Plaintiff. She alleges negligence on the part of both Defendants and further claims that she

suffered "serious and permanent physical injuries, has experienced physical pain and mental anguish, and will continue to experience pain and mental anguish in the future." She demands judgment for past and future medical treatment, loss of daily life and punitive damages. (Ex. A, at ¶¶ 8-17).

9. Summons to Defendant JMB Express was served on February 25, 2020 by certified mail and summons to Defendant Matlock was served on March 19, 2020, also by certified mail. (Ex. F).

10. This Notice of Removal is being filed within 30 days after Plaintiff's service of the initial pleading in this matter on JMB Express (the first served Defendant) and is therefore timely under 28 U.S.C. § 1446(b). As established in this Notice, Defendants have properly filed its Notice of Removal within the applicable thirty-day time frame. *See* Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270 (7th Cir. 1982). This requirement is in place to give the defendant a fair notice of the substantive nature of the claims and a reasonable opportunity to weigh the advantages and disadvantages of continuing in state court or removing the action to federal court. Scott v. Toyota Motor Corporation, 1987 U.S.Dist. Lexis 2628 at *4 (N.D.Ill. March 27, 1987). The thirty-day time frame has not yet run on Defendants' right to seek removal of this action and this Notice is therefore timely.

11. Plaintiff's Complaint, along with pre-suit correspondence, establish that Plaintiff sustained serious injuries as a result of the crash. Medical liens documented to date reveal over $40,000.00 in paid medical bills and the accident photographs suggest a significant impact. (*See* Exhibit G, Lien Documentation and Crash Photographs). Based on this evidence, Defendants have a good faith basis for believing the amount in controversy exceeds $75,000.00 exclusive of interests and costs. Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) ("[T]he proponent of federal jurisdiction] has the burden of showing by a preponderance of the evidence facts that suggest the

amount-in-controversy requirement is met. [citation omitted] That is easier aid than done when the plaintiff, the master of the complaint … provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence … Once the defendant in a removal case as established the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.").

12. This action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1446(b) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

13. Complete diversity exists, and the jurisdiction of this Court is proper as required by 28 U.S.C § 1332(a), as the evidence demonstrates that Plaintiff is a citizen of Indiana, both having resided in Indiana as of the date of her alleged injury that is the subject of this lawsuit and currently residing in Indiana. (Ex. A; Ex. D). Neither Defendant is a citizen of Indiana. (Ex. C, Ex. E). "A case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1988); *see also* City of Indianapolis v. Chase Nat. Ban of City of New York, 314 U.S. 63 (1941) ("To sustain diversity jurisdiction there must exist an 'actual' 'substantial' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.").

14. Because the State Court Action was filed in LaGrange County, Indiana, the District Court for the Northern District of Indiana, Fort Wayne Division, is the proper venue. *See* 28 U.S.C. §§ 1446(a) and 94(a)(3).

15. On March 26, 2020, a copy of the Notice of Filing of this Notice of Removal will be filed with the LaGrange Superior Court via that court's electronic filing system and will be served upon all counsel in this action. A copy of that Notice is attached hereto as <u>Exhibit H</u>.

16. By removing this action, the Defendant does not waive any defenses available to it.

17. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

18. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, JMB EXPRESS TRUCKING LLC and KYLE MATLOCK, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

                    Respectfully Submitted,

                    SMITHAMUNDSEN LLC

                    By: */s/Michelle L. Casper*
                           Michelle L. Casper, #26135-45

Attorney for Defendants
SMITHAMUNDSEN LLC
150 N. Michigan Ave., Ste. 3300
Chicago, Illinois 60601
(312) 894-3200

## **CERTIFICATE OF SERVICE**

I certify that on the **26th** day of **March, 2020,** service of a true and complete copy of the above and foregoing pleading or paper was made upon all counsel of record by e-mailing a copy to the attorney of record.

                                            *Dee Morales*

                                            Dee Morales
                                            SMITHAMUNDSEN LLC
                                            150 N. Michigan Ave., Ste. 3300
                                            Chicago, Illinois 60601
                                            (312) 894-3200