| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAGRANGE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAGRANGE | ) | CAUSE NO. |

RHONDA DEAN,           )
                       )
    Plaintiff,         )
                       )
v.                     )    Case No.
                       )
JMB EXPRESS TRUCKING LLC and )
KYLE MATLOCK,          )
                       )
    Defendants.        )

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Rhonda Dean, by counsel, Glaser & Ebbs, and allege and seek relief as follows:

1. On August 10, 2018, Plaintiff Dean (hereinafter "Dean") was a resident of Noble County, Indiana.

2. On August 10, 2018, Defendant JMB Express Trucking LLC (hereinafter "JMB Express") was a foreign limited liability company doing business in the State of Indiana.

3. On August 10, 2018, Defendant Kyle Matlock ("Matlock") was a resident of Twin Falls, Idaho.

4. On August 10, 2018, Defendant JMB Express Trucking was a motor carrier engaged in the business of transporting goods in interstate commerce.

5. At all relevant times, Matlock was an employee and/or agent of JMB Express.

6. At the time of the collision described below on August 10, 2018, Matlock was acting in the course and scope of his employment and/or agency with JMB Express.

7. JMB Express is vicariously liable and responsible for the acts of negligence and damages caused by its employee and/or agent during the course and scope of Matlock's employment and/or agency with JMB Express.

8. On or about August 10, 2018, Dean was driving a 1998 Subaru (hereinafter "Subaru") westbound on US Highway 20 approaching an intersection with 100 East in Lagrange County, State of Indiana.

9. At that time, JMB Express – by and through its agent, servant, and/or employee Matlock – was carelessly and negligently operating a 2018 Volvo semi tractor-trailer (hereinafter "semi") eastbound on US Highway 20 approaching an intersection with 100 East in Lagrange County, State of Indiana.

10. Matlock made a last second decision to turn left to proceed northbound on 100 East.

11. Matlock began turning left toward 100 E. directly in front of the path of Dean's Subaru, causing a collision between the semi and the Subaru.

12. JMB Express, by and through its agent, servant, and/or employee, Matlock, is guilty of the following acts of negligence, gross negligence, and/or omissions which proximately caused the collision of August 10, 2018, described hereinabove, and the injuries sustained by Dean:

    a. Matlock carelessly and negligently failed to keep and maintain a proper lookout for other vehicles using the roadway, including the Subaru operated by Dean;

    b. Matlock carelessly and negligently failed to keep the semi under control so as to avoid colliding with the Subaru operated by Dean;

    c. Matlock carelessly and negligently failed to yield to the Subaru operated by Dean;

    d. Matlock failed to change, alter, or divert the course of his semi to avoid a collision with the Subaru operated by Dean; and

    e. Matlock made a poor, last second choice to turn in front of the Subaru operated by Dean which was not reasonable;

13. JMB Express is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the collision of August 10, 2018, described hereinabove, and the injuries sustained by Dean:

    a. JMB Express Trucking negligently and carelessly failed to properly select, train, and/or supervise its drivers including but not limited to Matlock;

    b. JMB Express negligently and carelessly put or allowed to remain on the road unqualified and/or reckless drivers including, but not limited to, Matlock;

    c. JMB Express negligently and carelessly failed to screen and test its drivers including, but not limited to, Matlock, periodically to monitor and evaluate their safety orientation;

    d. JMB Express negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers including, but not limited to, Matlock;

    e. JMB Express Trucking negligently and carelessly permitted, allowed, and/or failed to stop its drivers, including, but not limited to, Matlock, from violating rules, regulations, and/or statutes regarding driver records and logs;

  f.  JMB Express negligently and carelessly failed to provide periodic systematic safety and/or defensive driver training for its drivers including, but not limited to, Matlock;

  g.  JMB Express negligently and carelessly failed to provide remedial training of its drivers including, but not limited to, Matlock;

  h.  JMB Express negligently entrusted its vehicle to Matlock; and

  i.  Any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter, including but not limited to the laws of Indiana, CDL training and the Federal Motor Carrier Safety Regulations.

  14. As a direct and proximate result of the carelessness and negligence of JMB Express and Matlock, Dean sustained serious and permanent physical injuries, has experienced physical pain and mental anguish, and will continue to experience pain and mental anguish in the future.

  15. As a direct and proximate result of Dean's injuries and their effects upon her, Dean has been required to engage the services of health care providers for medical treatment; further, Dean will inevitably require medical services in the future as a result of her injuries.

  16. As a direct and proximate result of the carelessness and negligence of the JMB Express and Matlock, the activities of Dean's daily life have been permanently and adversely affected to her detriment.

  17. At all times relevant herein, JMB Express and Matlock acted with reckless disregard of the consequences to Dean and acted in a wanton/willful/grossly negligent manner, justifying an award of punitive damages to punish and deter such wrongful conduct.

WHEREFORE, Plaintiff Rhonda Dean prays for judgment against Defendants' JMB Express Trucking, LLC and Kyle Matlock, in an amount commensurate with her injuries, for the costs of this action, for punitive damages, and for all other just and proper relief.

Respectfully submitted,

**GLASER & EBBS, LLC**

/s/ Jennifer E. McKibben
Jennifer E. McKibben, #27249-02
132 East Berry Street
Fort Wayne, IN 46802
(260) 424-0954
jmckibben@glaserebbsfw.com
COUNSEL FOR PLAINTIFF